UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**EDWARD MERLE JIRSA** and
**PATRICIA LEE JIRSA**,

Debtors.

Case No. **12-61335-13**

## MEMORANDUM of DECISION

At Butte in said District this 20th day of May, 2013.

In this Chapter 13 bankruptcy, after due notice, a hearing was held May 7, 2013, in Butte on confirmation of Debtors' Third Amended Chapter 13 Plan and on Debtors' Amended Motion to Reject Executory Contract, or in the alternative, to Determine Executory Contract is Terminated filed March 25, 2013, together with the objection thereto filed by Kevin and Camilla Smith. Debtors were represented at the hearing by Jon R. Binney of Missoula, Montana, and the Smiths were represented by Charles E. Petaja of Helena, Montana. Debtor Patricia Jirsa ("Patricia") and Camilla Smith ("Camilla") testified. Exhibits 2, 3, and 4 were admitted into evidence without objection.

Debtors' counsel conceded that Debtors need to further amend their plan to provide for the Court's ruling on Debtors' Amended Motion to Reject Executory Contract, or in the alternative, to Determine Executory Contract is Terminated. The Court granted Debtors through May 17, 2013, to file a further amended Chapter 13 plan, which amended plan Debtors timely

1

filed.

## BACKGROUND

Debtors filed a voluntary Chapter 13 bankruptcy petition on August 16, 2012. Debtors signed their schedules on August 16, 2012, and filed the same on August 30, 2012. Debtors list on their Schedule A real property described as 3010 Valley Drive, Helena, Montana. Debtors value the property at 3010 Valley Drive as $100,000.00. It appears from Debtors' schedules they own the 3010 Valley Drive property free and clear of any liens or encumbrances. Debtors list no executory contracts in their schedules or statement of financial affairs.

Per Schedule I, Debtor Edward Jirsa is unemployed and has no income. Patricia is employed with the Montana Department of Revenue, where she earns a monthly gross wage of $5,443.99. Debtors disclose no other sources of income in their schedules. Debtors have not yet formulated a confirmable Chapter 13 plan.

Debtors filed their Third Amended Chapter 13 Plan on February 19, 2013, which plan provides that Debtors will sell the property at 3010 Valley Drive by August 5, 2014. Consistent with the Third Amended Chapter 13 Plan, Debtors filed an application to employ real estate agent James George Stiffler to sell the 3010 Valley Drive property. On March 25, 2013, Debtors filed their pending Amended Motion to Reject Executory Contract, or in the alternative, to Determine Executory Contract is Terminated.

The contract at issue is a Lease with Option to Purchase that involves Debtors' real property located at 3010 Valley Drive. The Lease with Option to Purchase between Debtors and the Smiths provides on page 1 that "[t]he agreement becomes effective August 1, 2012 with $1000 down and monthly lease payments of $600 due the 5th of each month beginning August

2

2012. August 2012, since it is a short month, will be prorated to $300." The Lease with Option to Purchase also provides on page 1 that the lease "shall automatically renew for a period of 12 months annually on the anniversary date of the agreement[.]" Page 2 of the Lease with Option to Purchase grants Camilla and Kevin Smith the exclusive right to purchase the 3010 Valley Drive property "for a gross sales price of $70,000 (seventy thousand dollars) effective the date of initial signing, or August 1, 2012, and expiring August 1, 2014 provided that all lease payments to date have been paid as agreed. . . If the option to purchase is elected, the down payment and lease payments made to date of exercise of option will be considered as a down payment toward the sales price." The Lease with Option to Purchase was signed by Debtors, Camilla and Kevin Smith at the 3010 Valley Drive property on August 19, 2012.

Camilla and Kevin Smith have always intended to purchase the property at 3010 Valley Drive, but fell behind in their rent payments to Debtors. Debtors' bankruptcy counsel sent Camilla and Kevin Smith a letter dated December 28, 2012, advising the Smiths that they were "seriously delinquent" in their payments to the Debtors and that the,

> Lease with Option to Purchase agreement is rescinded and is to be considered null and void. My clients will consider a sale of the property to a third party. In the meantime, you may discuss arrangements to bring the rent payments current or an offer to purchase the property with my clients directly.

In response to the above letter, Camilla telephoned Edward Jirsa and told him the Smiths would bring all their payments current as soon as they received their tax refunds. After the telephone conversation with Edward Jirsa, Camilla understood that everything would be okay. True to their word, on February 27, 2013, the Smiths tendered a check to Debtors in the sum of $4,048.76, which brought the Smiths current under the Lease with Option to Purchase. Debtors

3

accepted the $4,048.76 payment from the Smiths and as of the hearing, the Smiths were current through April 2013 under the terms of the Lease with Option to Purchase.

Debtors did not list the Lease with Option to Purchase in their schedules. The Smiths were not listed on Debtors' master mailing list and have never received official notification of Debtors' bankruptcy. However, the Smiths learned of Debtors' bankruptcy by at least March 19, 2013, because the Smiths, through counsel, filed an objection to Debtors' Third Amended Chapter 13 Plan, even though Debtors' Third Amended Chapter 13 plan was not served on either the Smiths or their counsel.

In their pending motion Debtors seek a determination by this Court that the Lease with Option to Purchase between Debtors, as the landlord/owners, and Camilla and Kevin Smith, was either terminated by Debtors on December 28, 2012, or is an executory contract which Debtors can reject under 11 U.S.C. § 365. The Smiths raise various arguments in opposition to Debtors' motion. For instance, the Smiths argue the Lease with Option to Purchase must be interpreted under the Montana Residential Landlord/Tenant Act, and that Debtors waived their right to reject the Lease with Option to Purchase under the December 28, 2012, letter by accepting the $4,048.76 payment from the Smiths. For the reasons discussed below, the Court concludes that the Lease with Option to Purchase is null and void, but that the Smiths now have a lien against said property for the rents and option payment they paid to Debtors.

## DISCUSSION

All contracts must contain the following four essential elements: (1) identifiable parties capable of contracting; (2) their consent; (3) a lawful object; and (4) consideration. MONT. CODE ANN. ("MCA") § 28-2-102. In addition, Montana adheres to the "statute of frauds," which

4

requires that when the contract involves the sale of real property, consent of the parties must be in writing. MCA §§ 28-2-903 and 30-11-111; *Austin v. Cash*, 274 Mont. 54, 60, 906 P.2d 669, 673 (1995).

In the case *sub judice*, the consent of the parties, in the form of their signatures, was lacking until August 19, 2012, when Patricia and Edward Jirsa and Camilla and Kevin Smith signed the Lease with Option to Purchase. The Lease with Option to Purchase did not become an enforceable real estate contract until that date, which was three days after Debtors' petition date. Such finding is buttressed by the fact that Debtors prorated the rent for August by charging the Smiths $300.00 rent for August 2012, rather than $600.00, and by the fact that Debtors did not disclose the Lease with Option to Purchase, or the monthly rent therefrom, in their schedules.

Because the Lease with Option to Purchase was not effective until August 19, 2012, it is governed by 11 U.S.C. § 549 dealing with postpetition transactions. Section 549(c) of the Bankruptcy Code provides:

> The trustee may not avoid under subsection (a) of this section a transfer of an interest in real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of an interest in such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such real property, against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to such interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

The evidence and testimony presented at the hearing establishes that Camilla and Kevin Smith entered into the Lease with Option to Purchase without knowledge of Debtors'

5

bankruptcy case. The Smiths are good faith purchasers.

While the Smiths are good faith purchasers, the Court finds that their purchase price of $70,000.00 is not "present fair equivalent value." Debtors value the 3010 Valley Drive property at $100,000 in their schedules, and Debtors currently have the property listed for sale at a price of $113,000. Consistent with the foregoing, Patricia testified that she believes Debtors can sell the 3010 Valley Drive property for significantly more than $70,000.00.[1] Patricia's testimony was not contradicted by the Smiths. Because the purchase price of $70,000.00 offered to the Smiths is less than the present fair equivalent value of the 3010 Valley Drive property, under § 549, Debtors may avoid the Lease with Option to Purchase, but in return, the Smiths are entitled to a lien against the 3010 Valley Drive property to the extent of any present value given.

Under the Lease with Option to Purchase, the $1,000.00 option payment and the lease payments were considered a down payment toward the sales price. Given such fact, the Court finds that the present value given to Debtors by the Smiths equals all the monthly rent payments plus the $1,000.00 option payment the Smiths made to the Debtors under the Lease with Option to Purchase Agreement, which through May 2013, the Court calculates as totaling $6,700.00. In accordance with the foregoing, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Lease with Option to Purchase between Debtors, as the landlord/owners, and Camilla and Kevin Smith, is hereby avoided under 11 U.S.C. § 549; and

---

[1] Under Rule 701, FED. R. EVID., an owner of land is competent to give his or her opinion on the value of his or her property. *See, e.g., South Central Livestock Dealers, Inc., v. Security State Bank of Hedley, Tex.*, 614 F.2d 1056, 1061 (5th Cir. 1980); *see also*, Russell, BANKRUPTCY EVIDENCE MANUAL, 2000 ed. § 701.2. As the Tenth Circuit Court of Appeals explains, "[i]t is the general rule that an owner, because of his ownership, is presumed to have special knowledge of the property and may testify as to its value." *United States v. Sowards*, 370 F.2d 87, 92 (10th Cir. 1966).

under 11 U.S.C. § 549(c), Camilla and Kevin Smith shall have a lien against Debtors' property described as 3010 Valley Drive for all amounts the Smiths have paid to the Debtors under the Lease with Option to Purchase, which, provided the Smiths made the May 2013 rent payment, now total $6,700.00.

IT IS FURTHER ORDERED that a hearing on confirmation of Debtors' Fourth Amended Chapter 13 Plan shall be held **Tuesday, June 4, 2013, at 09:00 a.m.**, or as soon thereafter as the parties can be heard, in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE, MONTANA.

BY THE COURT

*Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana